IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| NICOLAS ELPIDIO MANBRU-ENCARNACION, | |
| Petitioner, | CIVIL ACTION NO.: 5:20-cv-116 |
| v. | |
| WARDEN D. GREENWALT, | |
| Respondent. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court upon Respondent's Notice, doc. 15, filed in response to this Court's April 2, 2021 Order, doc. 13. For the following reasons, I **RECOMMEND** the Court **DENY as moot** Petitioner Nicolas Manbru-Encarnacion's ("Manbru-Encarnacion") 28 U.S.C. § 2241 Petition, as amended, and Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Manbru-Encarnacion leave to appeal *in forma pauperis*.[1] I **DENY as moot** Manbru-Encarnacion's Motion to Supplement. Doc. 12.

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Manbru-Encarnacion his suit is due to be dismissed. As indicated below, Manbru-Encarnacion will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate

## BACKGROUND

Manbru-Encarnacion filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, challenging his continued detention by Immigration and Customs Enforcement ("ICE") officials at D. Ray James ICE Processing Center and asking to be released from ICE's custody or to be given a bond of no more than $1,500.00.  Doc. 1 at 7.  Respondent filed a Motion to Dismiss, arguing this Court lacks jurisdiction to review the decision to deny Manbru-Encarnacion bond and, even if he could assert a constitutional challenge, Manbru-Encarnacion's detention comports with the Constitution.  Doc. 4.  Manbru-Encarnacion filed an Amended Petition and a Response to the Motion to Dismiss.  Docs. 7, 10.  Manbru-Encarnacion also filed a Motion to Supplement and seeks to be released on his own recognizance.  Doc. 12 at 2.  Because of the nature of Manbru-Encarnacion's filings and Respondent's assertions in his Motion to Dismiss regarding Manbru-Encarnacion's removal to the Dominican Republic, doc. 4 at 14; doc. 13 at 1, the Court was alerted to the possibility Manbru-Encarnacion had been released from ICE's custody.  Doc. 13 at 1.  The Court noted it was unable to obtain information regarding Manbru-Encarnacion's status with ICE and directed the parties to update the Court within 14 days of the April 2, 2021 Order of Manbru-Encarnacion's status.  Id.  Respondent notified the Court Manbru-Encarnacion was released on his own recognizance from ICE's custody on March 24, 2021.  Doc. 15 at 1.  Manbru-Encarnacion notified the Court of his updated address.  Doc. 16.

## DISCUSSION

In his Petition, Manbru-Encarnacion sought his release from ICE's custody.  Doc. 1 at 8. As Manbru-Encarnacion has now been released on his own recognizance, his Petition, as amended, has been rendered moot.

---

judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, as noted above, Manbru-Encarnacion has been released on his own recognizance from the custody of ICE. Doc. 15. Manbru-Encarnacion has been granted his requested relief. There is no longer a "live controversy" over which the Court can give meaningful relief. Friends

3

of Everglades, 570 F.3d at 1216.  Accordingly, the Court should **DENY as moot** Manbru-Encarnacion's Petition for Writ of Habeas Corpus, as amended.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Manbru-Encarnacion leave to appeal *in forma pauperis*. Though Manbru-Encarnacion has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Manbru-Encarnacion *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Petitioner Nicolas Manbru-Encarnacion's Petition, as amended, and Respondent's Motion to Dismiss, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Manbru-Encarnacion leave to appeal *in forma pauperis*. I **DENY as moot** Manbru-Encarnacion's Motion to Supplement. Doc. 12.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by

or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of April, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA